UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | | |
|---|---|---|
| SHELLIE BRAGDON, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 5: 21-323-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| FANEUIL, INC., | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendant. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Defendant Faneuil, Inc. filed a motion for partial dismissal of Plaintiff Shellie Bragdon's Complaint on January 24, 2022. [Record No. 9] Rule 7.1(c) of the Joint Local Rules of Civil Practice states that, "[u]nless otherwise ordered by the Court, a party opposing a motion must file a response within 21 days of service of the motion." And "[f]ailure to timely respond to a motion may be grounds for granting the motion." L.R. Civ. P. 7.1(c); *accord Erickson v. USDA*, No. 5:15-cv-00278-JMH, 2016 WL 3546315, at \*2-3 (E.D. Ky. June 23, 2016) (granting motions to dismiss because, *inter alia*, the plaintiff failed to file timely responses under Rule 7.1(c)).

The defendant's motion was served through the Court's electronic filing system on January 24, 2022, and the plaintiff has not responded within 21 days. [*See* Record No. 9, p. 7.] Nevertheless, the Court has reviewed the substance of the motion and concludes that it should be granted.

## I. Background

Bragdon is a diabetic. [Record No. 1-1, p. 2, ¶ 7] She claims that "[t]his condition, combined with the regular accompanying symptoms," left her disabled and that her disability has caused her to be "unable to complete major life activities." [*Id.*] She also states that her diabetes has "required regular medical treatment." [*Id.*]

Bragdon worked as a customer service representative for Faneuil from December 2020 to September 2021. [*Id.* at ¶¶ 5-6.] She alleges that she disclosed her diabetes to the defendant during her employment. [*Id.* at ¶ 7.] Bragdon asserts that she "sought reasonable accommodations" from Faneuil, including "time off to treat [her diabetes] and[/]or visit with . . . healthcare providers." [*Id.*] She maintains that she "completed all of the necessary paperwork to receive a reasonable accommodation." [*Id.*]

The plaintiff alleges that Faneuil discriminated against her based on her disability after she disclosed that she has diabetes. [*Id.* at ¶ 8.] She then allegedly "complained [to] Defendant's authorities about what [s]he perceived to be [the] unlawful discrimination." [*Id.* at ¶ 9.] Bragdon alleges that Faneuil fired her in retaliation for this complaint "and because [she] was disabled and sought accommodations." [*Id.* at ¶ 10.]

Bragdon filed this action in Fayette Circuit Court on November 29, 2021. The defendant removed the case to this Court on December 27, 2021. [Record Nos. 1 and 1-1] The Complaint contains two counts for relief: "Disabiity [sic] Discrimination," which appears to assert claims premised on "[d]isability discrimination, failure to accommodate, and unlawful discharge" under the Kentucky Civil Rights Act ("KCRA") ("Count 1"); and "Retaliation/And [sic] Unlawful Discharge," which alleges that the defendant's actions

"constitute retaliation and retaliatory discharge" under the KCRA ("Count 2").[1] [Record No. 1-1, p. 3, ¶¶ 11-14]  As relevant here, the Complaint seeks the following relief: "[c]ompensatory damages including but not limited to past and future lost wages and past and future lost benefits"; "[c]ompensatory damages including but not limited to emotional distress, mental anguish, humiliation and embarrassment"; and punitive damages.  [*Id.* at p. 3.]

As noted above, Faneuil filed its motion to dismiss on January 24, 2022.  [Record No. 9]  The defendant requests dismissal of Count 1, *i.e.*, the disability discrimination claims, as well as allegations pertaining to damages that are not recoverable under the KCRA.  [*Id.*]

## II.  Legal Standard

Federal pleading standards demand "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  Dismissal in accordance with Rule 12(b)(6) of the Federal Rules of Civil Procedure is appropriate where a party fails to "state a claim upon which relief can be granted."  In reviewing a motion to dismiss, the Court must accept all "well-pleaded factual allegations" as true and "determine whether they plausibly give rise to an entitlement to relief."  *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

But a "pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'"  *Id.* at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  Rather, it must "contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'"  *Id.* (quoting *Twombly*, 550 U.S. at 570).  This standard requires "either 'direct or inferential allegations respecting all material elements necessary for recovery under a viable legal theory.'"  *Red Hed Oil, Inc. v. H.T. Hackney Co.*,

---

[1] The plaintiff distinguishes her counts with the letters "A" and "B," but the Court labels them "Count 1" and "Count 2" for clarity.  [*See* Record No. 1-1, p. 3.]

292 F. Supp. 3d 764, 772 (E.D. Ky. 2017) (quoting *D'Ambrosio v. Marino*, 747 F.3d 378, 383 (6th Cir. 2014)). Dismissal is warranted when this standard is not satisfied.

### III. Analysis

#### A. Disability Discrimination (Count 1)

Faneuil accurately states that Count 1 proceeds under two separate theories of recovery: failure-to-accommodate and wrongful termination.[2] [Record No. 9, p. 3] The defendant contends that Bragdon's allegations generally contain legal conclusions and are not sufficient to establish that she has a disability for the purposes of either theory of recovery. [*Id.* at pp. 3-4.]

Under the KCRA, it is unlawful for an employer "[t]o fail or refuse to hire, or to discharge any individual, or otherwise to discriminate against an individual with respect to compensation, terms, conditions, or privileges of employment . . . because the person is a qualified individual with a disability . . . ." KRS § 344.040(1)(a). Failure-to-accommodate and wrongful termination theories of recovery each require evidence of a disability. *See*, *e.g.*, *Sanders v. Bemis Co., Inc.*, No. 3:16-cv-00014-GFVT, 2017 WL 405920, at *4 (E.D. Ky. Jan. 30, 2017) (addressing the elements of a failure-to-accommodate KCRA claim); *Norton Healthcare, Inc. v. Turner*, --- S.W.3d ----, 2021 WL 4228329, at *2-6 (Ky. Ct. App. 2021) (addressing whether the plaintiff produced sufficient evidence of a qualifying disability under the KCRA in a wrongful termination case).

---

[2] To the extent Bragdon alleges a disability discrimination claim separate from those proceeding under failure-to-accommodate and wrongful termination theories, her Complaint is devoid of any facts that would support such a claim.

The statute defines "[d]isability . . . with respect to an individual" as: "(a) [a] physical or mental impairment that substantially limits one (1) or more of the major life activities of the individual; (b) [a] record of such an impairment; or (c) [b]eing regarded as having such an impairment." KRS § 344.010(4). "To be considered disabled under the [KCRA], an individual 'must initially prove that he or she has a physical or mental impairment,'" and then prove that the impairment "limits a major life activity." *Howard Baer, Inc. v. Shave*, 127 S.W.3d 589, 592 (Ky. 2003) (quoting *Toyota Motor Mfg., Ky, Inc. v. Williams*, 534 U.S. 184, 194-95 (2002)). The Supreme Court of Kentucky has stated that "[m]ajor life activities include, among other things, walking, seeing, hearing, performing manual tasks, caring for oneself, speaking, breathing, learning, and working." *Id.* (citations omitted). In other words, the statute generally contemplates that "major life activities" involve "rudimentary and fundamental daily tasks." *Norton*, 2021 WL 4228329, at *5. Any limitation to a major life activity must also be "substantial." *Shave*, 127 S.W.3d at 592.

"[W]hether diabetes is considered a disability under . . . the KCRA is a matter of degree," but this Court has recognized that "diabetes ordinarily fails to rise to the level of a disability." *Sanders*, 2017 WL 405920, at *4 (citations and internal quotation marks omitted) (collecting cases). For example, the plaintiff's physician in *Sanders* indicated that diabetes "[did] not cause [the plaintiff] any functional limitations," and the plaintiff himself testified that "he fe[lt] he can still be a good worker, driver, husband, father, carpenter, hunter, and fisherman, despite his diabetes." *Id.* at *5. And while the plaintiff's diabetes did cause neuropathy, the occasional symptoms associated with his condition were "not severe or painful enough to require daily medication." *Id.* Summary judgment was appropriate because, *inter*

*alia*, the plaintiff had failed to produce evidence of a substantial limitation to a major life activity. *See id.*

As Faneuil argues, Bragdon has not pleaded facts regarding her alleged disability that could support a plausible disability discrimination claim under either theory of recovery. The Complaint contains only generalized factual allegations that the plaintiff had "regularly accompanying symptoms," "required regular medical treatment," and needed "time off to treat and[/]or visit with [her] healthcare providers." [Record No. 1-1, p. 3, ¶ 7] These allegations do not suggest that the plaintiff's diabetes impaired any "major life activity" or that any such impediment was "substantial." And the other allegations that the plaintiff is "disabled" and "unable to complete major life activities" are legal conclusions that are unable to withstand a Rule 12(b)(6) motion to dismiss. [*See id.*] Relevant case law indicates that any diabetes-based disability discrimination claim under the KCRA will be difficult to establish, but Bragdon has not pleaded facts that come close to suggesting that such a claim is plausible in this case.

### B. Damages

Faneuil also contends that Bragdon has improperly sought general compensatory damages by stating that compensatory damages should "not [be] limited to" the specific demands she makes, even though KCRA compensatory damages are limited by statute to actual damages. [Record No. 9, p. 5] Further, the defendant argues that Bragdon cannot recover punitive damages under the KCRA. [*Id.* at pp. 5-6.]

The Court notes that the specific compensatory damages alleged by the plaintiff are actual damages available under the KCRA. *See*, *e.g.*, *Shupe v. Asplundh Tree Expert Co.*, 566 F. App'x 476, 479 (6th Cir. 2014) ("Actual damages [under the KCRA] include back pay, front pay, lost benefits, humiliation, emotional distress, embarrassment, and attorney's fees.")

(citations omitted). Still, the defendant's point regarding the ambiguity of the plaintiff's allegations is well-taken. Bragdon will be limited to recovering only those actual compensatory damages which are available under the statute. *See* KRS § 344.450.

Additionally, the KCRA does not support awards of punitive damages. *E.g.*, *Ky. Dep't of Corr. v. McCullough*, 123 S.W.3d 130, 137-38 (Ky. 2003). Thus, the plaintiff's demand for punitive damages will be dismissed.

### IV. Conclusion

Bragdon has not pleaded sufficient facts to support a plausible KCRA disability discrimination claim. Thus, Count 1 will be dismissed. The defendant does not challenge the retaliation claim contained in Count 2, and it will remain pending. Next, while the plaintiff may recover actual compensatory damages, any other compensatory damages alleged in the Complaint will be dismissed. Bragdon's punitive damage claim also will be dismissed.

Accordingly, it is hereby

**ORDERED** as follows:

1. Defendant Faneuil, Inc.'s motion for partial dismissal of Plaintiff Shellie Bragdon's Complaint [Record No. 9] is **GRANTED**.

2. Count 1 and all KCRA disability discrimination claims alleged therein are **DISMISSED**. The KCRA retaliation claim asserted in Count 2 remains pending.

3. The plaintiff's compensatory damages allegations are **DISMISSED** to the extent they seek compensatory damages that are not available under the KCRA. The plaintiff's demand for compensatory damages is limited to actual damages available under the KCRA. All punitive damages allegations are **DISMISSED**.

Dated: February 18, 2022.

Danny C. Reeves, Chief Judge
United States District Court
Eastern District of Kentucky